# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

In re                         )       **Case No. CIV 05-0034-S-BLW**

**JAMES LEWIS,**          )

         Debtor.     )

)       **MEMORANDUM DECISION**

**JAMES LEWIS,**          )

         **Appellant,**    )

**vs.**               )       **On Appeal From**

)      **United States Bankruptcy Court**

**UNITED STATES DEPARTMENT OF** )      **District of Idaho**

**EDUCATION,**          )  **Hon. Terry L. Myers, Bankruptcy Judge**

)      **Adv. Proc. 04-06060**

         **Appellee.**    )

       James Lewis ("Lewis") appeals from the judgment of the bankruptcy court dismissing with prejudice his complaint against the United States Department of Education ("DOE").

       The court having reviewed the briefs and record on appeal has determined that oral argument would not be helpful in the determination of this case and the parties have not requested oral argument.[1]  The matter is submitted for decision on the briefs.

## I – BACKGROUND/JURISDICTION

       On November 20, 2003, Lewis filed a voluntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Idaho, Case No. 03-04265.  On February 27, 2004, Lewis initiated the adversary proceeding the subject of this appeal in the bankruptcy court seeking to have his student loans discharged in bankruptcy.

---

[1] *See* FED. R. BANK. P. 8012.

DOE filed a motion for summary judgment, which Lewis opposed.  The matter was submitted to the bankruptcy court for decision on the briefs and declarations of the parties without oral argument.  The bankruptcy court granted the motion of DOE for summary judgment holding that 11 U.S.C. §523(a)(8) in effect on the date the bankruptcy petition was filed, not the section that was in effect on the date the student loans were made, controlled and entered judgment dismissing the case.  Lewis timely filed a notice of appeal and concurrently therewith filed his objection reference to the Bankruptcy Appellate Panel for the Ninth Circuit.

This court has jurisdiction under 28 U.S.C. §158(a)(1), (c)(1)(A).

## II – ISSUE PRESENTED/STANDARD OF REVIEW

The facts in this case are undisputed and a single issue of law is presented, which this court reviews de novo.[2]  The issue decided by the bankruptcy court and presented on appeal is: May a change in the law governing the dischargeability of an obligation in bankruptcy be retroactively applied to an obligation incurred prior to the date the law was changed?  The bankruptcy court held that it could.  For the reasons set forth herein below, the court agrees and affirms.

## III – FACTS

Lewis incurred three student loans: September 5, 1984 ($2,500); May 25, 1988 ($2,625); and December 3, 1988 ($4,000).  Lewis defaulted on the obligations on April 24, 1991, January 30, 1991, and November 29, 1992, respectively.  Due to these defaults, the guaranty agency paid the claims, was subsequently reimbursed by DOE under its reinsurance agreement, and assigned the loans to DOE.  As of August 30, 2004, a total of $20,774.27 was owed with interest accruing on all loans at 8% per annum ($1.97 per day).

At the time of its enactment in 1978, §523(a)(8) provided that student loans that had been in repayment for five years at the time a bankruptcy petition was filed would be discharged in that bankruptcy.[3]  In 1990, Congress extended the time a student loan

---

[2] *See Murray v. Bammer* (*In re Bammer*), 131 F.3d 788, 792 (9th Cir. 1997) (en banc).

[3] Pub. L. 95-598 (November 6, 1978), §523(a)(8)(A), 92 Stat. 2549, 2591.

had to be in repayment from five to seven years.[4]  Effective for bankruptcy cases filed on or after October 8, 1998, the safe harbor provision for the discharge of loans if they were in repayment status more than seven years was repealed,[5] leaving only the "undue hardship" exception to nondischargeability.[6]

## IV – DISCUSSION

Lewis argues, without citation to authority, that the provisions of §523(a)(8) in effect at the time he incurred his student loan obligations became part of the contract between the parties and that Congress has no power to retroactively change the contract terms.  He further argues that the Fifth Amendment due process clause imposes essentially the same restraint on impairment of contracts as does ART. 1, § 10, CL. 1 of the U.S. Constitution.[7]  While that may true in some instances, it is certainly not true with respect to enacting legislation under the bankruptcy clause.[8]  The student loan contract was made subject to the constitutional power in the Congress to legislate on the subject of bankruptcies impliedly written into the contract between Lewis and the original lender.[9]  However, "'[n]ot only are existing laws read into contracts in order to fix obligations as between the parties, but the reservation of essential attributes of sovereign power is also read into contracts as a postulate of the legal order.'"[10]

Indeed, in a case cited by Lewis, the Ninth Circuit stated with respect to the authority granted Congress under the bankruptcy clause:[11]

---

[4] PUB. L. 101-647, §3621(2) (November 29, 1990), 104 STAT. 4789, 4965.

[5] Pub. L. 105-244, §971 (October 8, 1998), 112 STAT. 1581, 1837.

[6] The "undue hardship" exception is not at issue in this case.

[7] Citing *Northwestern Nat. Life Ins. Co. v. Tahoe Regional Planning Agency*, 632 F.2d 104, 106 (9th Cir. 1980).

[8] U.S. CONST. ART. 1, §8, CL. 4.

[9] *Wright v. Union Central Life Ins. Co.*, 304 U.S. 502, 516 (1938).

[10] *Id.* quoting *Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 435 (1934).

[11] *Webber v. Credithrift of America, Inc.* (*In re Webber*), 674 F.2d 796, 802 (9th Cir. 1982) (internal quotation marks and citations omitted); *see also Railway Labor Executives' Ass'n v. Gibbons*, 455 U.S. 457, 466 (1982).

> Generally, this authority includes the power to discharge the debtor from
> his contracts and legal liabilities as well as to distribute his property. Thus,
> bankruptcy legislation has traditionally operated to affect creditors'
> interests which vested prior to the effective date of the legislation. Unlike
> the states, Congress is not prohibited from passing laws that impair
> contractual obligations. In fact, the very essence of bankruptcy laws is the
> modification or impairment of contractual obligations.

While the arguments advanced by Lewis have a certain degree of facial appeal, they are diametrically opposed to the effect of a discharge in bankruptcy and the plenary power of Congress in enacting bankruptcy legislation. A discharge in bankruptcy impairs the rights of the creditor by eliminating the personal liability of a debtor on an obligation owed by the debtor to a creditor.[12] Discharge in bankruptcy is not a property right, nor can be said that it is a right intractably embedded in a contract by operation of law. The Supreme Court has held:[13] "a debtor has no constitutional or fundamental right to a discharge in bankruptcy." Discharge in bankruptcy is a legislatively created benefit that Congress may grant or withhold at its discretion. Indeed, until enactment of the 1896 Act, except for four short periods totaling 15½ years, Congress did not exercise its power under the bankruptcy clause.[14] To accept the arguments advanced by Lewis would be tantamount to saying that if Congress repealed the laws on bankruptcy in their entirety, which would have the effect of denying a discharge in bankruptcy to all debtors, debtors whose contractual obligations were incurred prior to repeal would still be entitled to a discharge in bankruptcy. A rule the court is not prepared to adopt.

More than 20 years ago the Ninth Circuit in *Reynolds v. State of Idaho, Department of Health & Welfare* (*In re Reynolds*),[15] addressing the retroactive application of a change in the bankruptcy law making nondischargeable certain support

---

[12] 11 U.S.C. §524(a); *see Dewsnup v. Timm*, 502 U.S. 410, 416–17 (1992).

[13] *Grogan v. Garner*, 498 U.S. 279, 286 (1991), citing *United States v. Kras*, 409 U.S. 434, 445–446 (1973).

[14] *Kras*, 409 U.S. at 447–449.

[15] 726 F.2d 1420 (9th Cir. 1984).

obligations, essentially rejected the arguments advanced by Lewis and held that the change in the law that occurred after the petition was filed but before the discharge was entered applied.  Thus, a support obligation that was dischargeable at the time the petition was filed as well as at the time the obligation was incurred, but was nondischargeable at the time the discharge was entered, was not discharged.

Last month in *Lockhart v. United States*,[16] the Supreme Court upheld the retroactive application of a change in the law permitting DOE to administratively offset delinquent student loans against Social Security benefits for loans incurred prior to the time the government could offset obligations owed the government from Social Security benefits.

Lockhart incurred his student loans between 1984 and 1989.  At the time he took out the student loans, Social Security benefits were not subject to execution, levy, attachment, or other legal process.[17]  The statute of limitations on collection of student loans that existed prior to 1991 was eliminated by the Higher Education Technical Amendments Act of 1991 ("HETA").[18]  Social Security benefits were first made subject to administrative offset by the Debt Collection Improvement Act of 1996 ("DCIA").[19]  However, in addition to adding offset authority against Social Security benefits, the 1996 Act retained the general 10-year limitation on administrative offsets.  Although the precise issue addressed by the court in *Lockhart*, whether the general 10-year limitation on administrative offsets retained by DCIA trumped the earlier elimination of the limitation period for student loans by HETA, differs from the issue presented by this case, *Lockhart* is nonetheless powerful indication that the Supreme Court would not adopt the position advanced by Lewis.  If the student loan obligations incurred by Lockhart intractably incorporated the law as it existed at the time he incurred the

---

[16] 546 U.S. __, 126 S.Ct. 699 (2005).

[17] 42 U.S.C. §407(a).

[18] PUB. L.1 02-26,§ 3 (April 9, 1991),1 05 STAT. 123, 125.  This provision has been held not only have eliminated the limitations period but also revived all actions that would have been otherwise time-barred. *United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994).

[19] PUB. L. 104-134, TITLE III, §31001(d)(2) (April 26, 1996), 110 STAT 1321-360.

obligations, his Social Security benefits would not have been subject to administrative offset irrespective of the applicable limitations period.  The Supreme Court in *Lockhart*, as did the Ninth Circuit in *Reynolds* and the bankruptcy court in this case, applied the law as it existed at the time of the decision.

In light of *Wright, Lockhart*, and *Reynolds*, which are controlling, this court declines to adopt the arguments advanced by Lewis.  The cases cited by Lewis are neither apropos, controlling, nor persuasive.

## IV – CONCLUSION

The judgment of the bankruptcy court is AFFIRMED.

Dated:  January 4, 2006

s/ Ralph R. Beistline
RALPH R. BEISTLINE
United States District Judge